IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

**BUILDERS MUTUAL INSURANCE COMPANY,**

    **Plaintiffs,**

                                                              **No.:**

**vs.**

**GCC CONSTRUCTION LLC,**
**and TAHINI MAIN STREET, LLC**

    **Defendants.**

---

### COMPLAINT FOR DECLARATORY JUDGMENT

---

COMES NOW the Plaintiff, Builders Mutual Insurance Company, by and through its attorneys, and for its Complaint against the Defendants, alleges the following:

**I. NATURE OF THE CASE**

1. This is an action seeking a declaratory judgment and relief pursuant to 28 U.S.C.A § 2201 and Rule 57 of the Federal Rules of Civil Procedure, for the purpose of determining a question of actual controversy between the parties regarding available insurance coverage. The Complaint seeks a declaratory judgment that Plaintiff, an insurance company, is not obligated to indemnify, reimburse, compensate or otherwise pay Defendants for Defendants' claimed loss and damage in the amount of $ 1,079,225.00 that occurred on or about November 15, 2021.

2. The Insurance Policy in question that relates to the Defendants' losses is EBR 1032617-00, with an effective policy period of 9/2/2021 to 9/2/2022 and which is hereinafter referred

1

to as the "Policy". A copy of the Policy is attached hereto and incorporated by reference herein as *Exhibit 1*.

## II. JURISDICTION

3. This declaratory judgment action is brought pursuant to 28 U.S.C.A § 2201 and Rule 57 of the Federal Rules of Civil Procedure. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the Parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

## III. VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as all events and/or omissions occurred in Hamilton County, Tennessee, and Defendants were incorporated in and have their principal place of business in Hamilton County, Tennessee, a county located in the Eastern District of Tennessee.

## IV. ACTUAL CONTROVERSY

5. An actual controversy has arisen between Plaintiff and Defendants as to whether Plaintiff is obligated under the Policy to indemnify, reimburse, compensate or otherwise pay Defendants for the claimed loss and damage.

## V. PARTIES

6. At all times hereinafter mentioned, Plaintiff, Builders Mutual Insurance Company was and is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business at 5580 Centerview Dr., Raleigh, North Carolina, 27606, Wake County, State of North Carolina.

7. At all times hereinafter mentioned, Defendant, GCC Construction, LLC, was and is a limited liability company organized and existing under the laws of the State of Tennessee,

and upon information and belief its sole member is a citizen of the State of Tennessee. It has its principal place of business at 5726 Marlin Rd. STE 200, Chattanooga, Tennessee, 37411, Hamilton County, State of Tennessee. It may be served through its registered agent, Alex Grace at 5726 Marlin Rd. STE 200, Chattanooga, Tennessee, 37411.

8. At all times hereinafter mentioned, Defendant, Tahini Main St., LLC, was and is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business at 6716 Heritage Business Ct., Ste. 100,, Chattanooga, Tennessee, 37421. Upon information and belief, all members of Tahini Main Street, LLC, are citizens of the State of Tennessee. It may be served through its registered agent, Alan L. Cates at 736 Georgia Ave. STE 300, Chattanooga, Tennessee, 37402.

## VI. THE UNDERLYING ISSUE

8. On or about September 2, 2021, Plaintiff issued a Builders Risk Policy to Named Insured, Defendant GCC Construction LLC, bearing policy number EBR 1032617-00, with an effective period of September 2, 2021 to September 2, 2022 (the "Policy).

9. Defendant Tahini Main Street LLC was added to the Policy as an Additional Named Insured.

10. Upon information and belief, on or about November 15, 2021, during a remodeling project, Defendants discovered deterioration in the West Brick Wall of the building located at 27 West Main St Chattanooga, TN 37402, rendering the wall not structurally sound for the project.

11. Defendant submitted a claim to Plaintiff for loss to remove and replace the wall because it was in a state of collapse, and seeking payment for lost rental revenue. (See Engineering Memo, received November 23, 2021, attached hereto as *Exhibit 2*.)

3

12. After investigation and a review of the engineering memo submitted by Defendants, Plaintiff determined the West Brick Wall was still standing at the time of the claim and did not qualify as a "collapse" pursuant to the express provisions of the Policy.

13. By letter, dated December 7, 2021, Plaintiff informed Defendants, through counsel, that there was no coverage available under Policy EBR-1032617-00, attached hereto as *Exhibit 3*).

14. Defendants contest Plaintiff's denial of coverage, claiming that the Policy should provide coverage. (See correspondence dated June 13, 2022, attached as *Exhibit 4*).

15. Plaintiff thereafter requested additional clarifying information by letter dated June 27, 2022. (See attached hereto as *Exhibit 5*).

16. Defendants, through counsel, submitted an additional clarifying engineering memo and again demanded indemnity in the amount of $1,079,225. (See attached *Exhibit 6*).

## VII. THE INSURANCE CONTRACT

17. The Named Insured, as stated in the Common Policy Declarations, is GCC Construction LLC, and additional insured Tahini Main Street LLC.

18. The relevant sections of the Policy provide:

> **A. COVERAGE**
>
> We will pay for direct physical "loss" to Covered Property from any Covered Cause of Loss described in the Coverage Form.
>
> **1. Covered Property**
>
> Covered Property as used in the Coverage form means:
>
> **a.** Property which has been, or is intended to become a permanent part of any structure on the Declarations Page under the provisions of this policy. This includes:
>
> (1) Your property;
>
> (2) Property of others for which you are legally responsible;

4

\* \* \* \* \*

      (6) The existing building or structure.[1]

**2. Property Not Covered**

Covered Property does not include:

**a.** Existing Building or structure to which an addition, alteration, improvement, or repair is being made, unless specifically endorsed;[2]

\* \* \* \* \*

**3. Covered Cause of Loss**

**a. Risks of DIRECT PHYSICAL "LOSS,"** other than Collapse, to Covered Property except those causes of "loss" listed in the Exclusions.

**b. Collapse**

(1)    We will pay for direct physical loss or damage to a covered property, caused by collapse of all or part of a building or structure caused by one or more of the following:

\* \* \* \* \*

    (b)    Decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

\* \* \* \* \*

    (d)    Weight of people or personal property;

\* \* \* \* \*

    (f)    Use of defective materials or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation.

(2)    With respect to a covered building or structure;

    (a) Collapse means an abrupt falling down of caving in or a covered building or structure in whole or in part;

---

[1] Added by Endorsement BRC0017 0113 – Existing Building(s) or Structure(s) Coverage
[2] Endorsement BRC0017 0113 provides Existing Building(s) or Structure(s) Coverage.

(b) A covered building or structure or any part thereof that is in danger of falling down or caving in is not considered to be in a state of collapse;

(c) A part of a covered building or structure that is not standing is not considered to be in a state of collapse even if it has separated from another part of the building or structure;

(d) A covered building or structure that is standing or any part of a covered building or structure that is standing is not considered to be in a state of collapse even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.

\* \* \* \* \*

**4. Additional Coverages**

\* \* \* \* \*

    **h. Ordinance or Law – Direct Damage**

\* \* \* \* \*

        **(6)** In the event that this policy is endorsed to provide coverage for existing building(s) or structures, or the policy covers renovation, remodeling or other work being done on such building(s) or structure(s), this Additional Coverage shall not apply to such building(s) or structure(s).

\* \* \* \* \*

    **j. Change Order Coverage**

We will pay your actual increase in "loss" due to Contract Change Orders that increase the "total completed value" of the project but only if the Change Orders were agreed upon in writing since the "total estimated completed value" was first reported to us and the loss is to Covered Property from a Covered Cause of Loss.

The most we will pay in any one loss for all Change Order increases at any one job site is the least of:

    **(1)** 3% of the Limit of Insurance applicable to any one construction job site location as shown on the Declarations Page; or,

    **(2)** $1,000.000.

\* \* \* \* \*

6

**EXCLUSIONS**

\* \* \* \* \*

2. We will not pay for a "loss" caused by or resulting from any of the following:

    (a) Delay, loss of use, loss of market. This does not include profit if the policy has been endorsed for this coverage;

    \* \* \* \* \*

    (h) Collapse, except as provided in the Additional Coverage section in this Coverage Form.

    (i)

    \* \* \* \* \*

    (2) Any quality in the property itself that causes it to damage or destroy itself; gradual deterioration;

    \* \* \* \* \*

    (6) Settling, cracking, shrinking, or expansion to any covered property.

    \* \* \* \* \*

3. We will not pay for "loss" caused by or resulting from any of the following. But if "loss" by a covered cause of loss results, we will pay for the resulting "loss" caused by that covered cause of loss.

    \* \* \* \* \*

    c. Faulty, inadequate, or defective:

    \* \* \* \* \*

    (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

    (3) Materials used in repair, construction, renovation, or remodeling.

    \* \* \* \* \*

F. Definitions

1. "Loss" means accidental "loss" and accidental damage.

\* \* \* \* \*

4. "Profit" means the difference between the value of the completed structure (selling price of the dwelling, including

7

labor, the cost of materials and overhead but excluding the cost of the land) and your financial interest in the completed structure.

5. "Total Estimated Completed Value" means your estimate of all costs associated with the building and designing of the property covered including labor, "overhead," materials and if coverage is desired, "profit," but not land.

6. "Total Completed Value" means all costs associated with the building and designing of the property covered including labor, "overhead", materials and if coverage is desired, "profit", but is not land at the time of the loss.

\* \* \* \* \*

9. "Soft Costs" means additional:

   a. Interest expense on money you borrow to finance construction or reconstruction;

## VIII. DECLARATORY JUDGMENT

16. All allegations in this Complaint are re-alleged as through stated verbatim herein.

17. Based on the current allegations, as well as the language of the Policy, Plaintiff's investigation reveals that there is no coverage in the Policy under the terms, conditions, limitations, endorsements and exclusions relating to the Defendants' loss. Accordingly, Plaintiff is not obligated to indemnify, reimburse, compensate or otherwise pay Defendants for the claimed loss and damage.

18. Plaintiff notified Defendants through letter dated December 7, 2021, that there was no coverage available under the Policy. (See *Exhibit 3*).

19. Defendants have disputed Plaintiff's denial of coverage and demanded payment for Defendants' total loss in the amount of $1,079,225.00. (See *Exhibits 4 and 6*).

20. There is an actual controversy and a bona fide dispute as to whether Plaintiff must reimburse, compensate, or otherwise pay Defendants in whole or in part for the claimed loss and damage.

## IX. REQUEST FOR RELIEF

21. Wherefore, Plaintiff requests judgment as follows:

    a. A declaration that Plaintiff is not obligated to indemnify, reimburse, compensate or otherwise pay Defendants for the claimed loss and damage.

    b. Such other and further relief as this court may deem proper and just.

This the 19th day of August, 2022.

> Respectfully submitted,
>
> s/ James M. Smith
> TN BPR No. 034919
> Hagwood and Tipton, P.C.
> P.O. Box 726
> Paris, TN 38242
> Telephone: (731) 540-4774
> Fax: (866) 542-3999
> Email: jsmith@hatlawfirm.com